# EXHIBIT A

# <u>EXHIBIT A</u>

# EXHIBIT A

**WHEELER DIULIO & BARNABEI, P.C.**
BY: Vincent Doto, Esquire                                Attorney for Plaintiff(s)
Attorney I.D. No.: 290692019
One Penn Center - Suite 1270
1617 JFK Boulevard
Philadelphia, PA  19103
Phone: (215) 568-2900
Email: vdoto@wdblegal.com

| | |
|---|---|
| JOHN WALSH AND ROSEMARY WALSH<br> 299 Medford Lakes Road<br> Tabernacle, NJ 08088<br>          vs.<br><br>AMGUARD INSURANCE COMPANY<br>39 Public Square, P.O. Box A-H<br>Wilkes-Barre, PA 18703 | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br><br> BURLINGTON COUNTY<br><br>DOCKET NO.<br><br>**CIVIL ACTION COMPLAINT, DESIGNATION OF TRIAL COUNSEL AND JURY DEMAND** |

Plaintiffs, John Walsh and Rosemary Walsh, (hereinafter, referred to as "Plaintiff") residing at 299 Medford Lakes Road, Tabernacle, NJ 08088, by way of Complaint against the Defendant, Amguard Insurance Company, says:

### FIRST COUNT

1. At all times referred to herein, Defendant, Amguard Insurance Company ("Defendant"), is a business duly organized and existing which is licensed to issue policies of insurance in the State of New Jersey and maintains a place of business located at 39 Public Square, P.O. Box A-H, Wilkes-Barre, PA 18703.

2. Defendant, in its regular course of business issued to Plaintiff a policy of insurance covering Plaintiff's premises located at 299 Medford Lakes Road, Vincentown, NJ 08088.  A copy of the Policy is not in Plaintiff's possession, but a copy of same is believed to be in Defendant's care, custody, and control.

3. On or about August 26, 2019, while said policy of insurance was in full force and effect, Plaintiff suffered direct physical loss to the insured premises.

4. Notice of this covered loss was given to Defendant in a prompt and timely manner and Plaintiff has done and otherwise performed all things required of Plaintiff under the policy of insurance issued by Defendant.

5. Defendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiff those benefits due and owing under said policy of insurance.

6. Defendant has breached its contractual obligations to pay benefits to Plaintiff for a loss covered under Defendant's policy of insurance.

7. Solely as a result of Defendant's failure and refusal to pay benefits to Plaintiff as required under the aforesaid policy of insurance, Plaintiff has suffered loss and damage to the property, forcing expenses to be incurred to repair and replace the damaged property.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, costs of suit, and such other relief as the Court may deem equitable and just.

## SECOND COUNT

1. Plaintiff repeats and re-alleges each and every allegation of the First Count as if stated herein at length.

2. The above-named breach of contract is a result of Defendant's reckless disregard for the rights of Plaintiff and breach of its duty of good faith and fair dealing to the Plaintiff in processing this homeowner claim.

3. As a result of Defendant's bad faith misconduct, Plaintiff has incurred losses and expenses, including but not limited to any and all expenses incurred by the Plaintiff as a result of filing this litigation, including attorney's fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant for punitive damages plus all damages stemming from Defendant's negligence; for cost and interest of suit; for attorney's fees; and for such other relief as the Court may deem equitable and just.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Anthony DiUlio, Esquire, is hereby designated as trial counsel in the above-captioned litigation on behalf of the firm of Wheeler, DiUlio & Barnabei, P.C.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all the issues so triable herein.

### CERTIFICATION PURSUANT TO RULE 4:51

The matter in controversy is not the subject of any other action pending in any other Court.  There are no pending arbitration proceedings.  No other action or arbitration proceedings are contemplated.  No non-party is known who would be subject to joinder because of potential liability.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

        WHEELER, DIULIO & BARNABEI, P.C.

        BY:__/s/ _Vincent Doto____
            VINCENT DOTO, ESQUIRE
            Attorney for Plaintiff(s)

Date: 5/17/2021